```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:09-CR-374 WBS |
| Plaintiff, ) | |
| ) | STIPULATION AND ORDER VACATING |
| v. ) | TCH AND TRIAL DATES |
| ) | AS TO DEFENDANT JESUS ESTRADA |
| JUAN BERNARDINO GALVEZ, et al., ) | PINEDA AND EXCLUDING TIME |
| ) | UNDER THE SPEEDY TRIAL ACT |
| Defendants. ) | Date: March 14, 2011 |
| ) | Time: 8:30 a.m. |
| _____) | Court: Hon. William B. Shubb |

Whereas, defendant Jesus Pineda Estrada is also charged in United States v. Maria Del Rocio Arceo-Rangel, et al., Case No. 2:09-CR-407 KJM, under the name Luis Renee Estrada Castanon, aka Jesus Pineda Estrada, with certain drug and firearms violations;

Whereas, the United States and Jesus Pineda Estrada have entered into a Plea Agreement in Case No. 2:09-CR-407 KJM that settles both that case and the instant case in that the United States has agreed to move to dismiss the charges in the instant case within ten days after his judgment and conviction in Case No. 2:09-CR-407 KJM becomes final; and

Whereas, Jesus Pineda Estrada (using his alias Luis Renee

Estrada Castanon) pled guilty to a violation of 18 U.S.C. § 924(c)(1)(A)(i) in Case No. 2:09-CR-407 KJM and is scheduled for sentencing on May 19, 2011,

It is hereby stipulated and agreed, by and between the parties, through their respective counsel, that:

1. The presently set March 14, 2011, trial confirmation hearing and April 5, 2011, trial date shall be vacated as to defendant Jesus Estrada Pineda only;

2. The Court shall set a status conference on June 20, 2011, at which time the United States anticipates moving to dismiss the Indictment in this case against Jesus Estrada Pineda only;

3. Time from the date of this stipulation through, and including, the date of the status conference on June 20, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and Local Code T2, in that this case, combined with the litigation in Case No. 2:09-CR-407 KJM, renders both cases unusual and complex within the meaning of the Speedy Trial Act and the continuance of the trial date in this case is needed to effectuate that parties' Plea Agreement in Case No. 2:09-CR-407 KJM.

///
///
///

Based on these facts, the parties stipulate and agree that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in § 3161.

Dated: March 8, 2011                    /s/ Michael Hansen
                                        _____
                                        MICHAEL HANSEN
                                        Attorney for Defendant
                                        Jesus Estrada Pineda
                                        (per personal authorization)

Dated: March 8, 2011                    BENJAMIN B. WAGNER
                                        United States Attorney

                                              /s/ Samuel Wong
                                        By:   _____
                                        SAMUEL WONG
                                        Assistant U.S. Attorney

_____

ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court orders that:

   1. The presently set March 14, 2011, trial confirmation hearing and April 5, 2011, trial dates shall be vacated as to defendant Jesus Estrada Pineda only;

   2. The Court shall set a status conference on June 20, 2011 at 8:30 a.m., for defendant Jesus Estrada Pineda only;

   3. Time from the date of this stipulation through,

| | |
|---|---|
| 1 | and including, the date of the status conference on June 20, |
| 2 | 2011, shall be excluded from computation of time within |
| 3 | which the trial of this matter must be commenced under the |
| 4 | Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and |
| 5 | (B)(ii) and Local Code T2, in that this case, combined with |
| 6 | the litigation in Case No. 2:09-CR-407 KJM, renders both |
| 7 | cases unusual and complex within the meaning of the Speedy |
| 8 | Trial Act and the continuance of the trial date in this case |
| 9 | is needed to effectuate that parties' Plea Agreement in Case |
| 10 | No. 2:09-CR-407 KJM. |

The Court further finds that, based on these facts, it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public.

It is so ordered.

Dated: March 9, 2011

_/s/ William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE