BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESUS ESTRADA PINEDA, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. 2:09-CR-374-04 WBS <br><br> STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AS TO DEFENDANT JESUS ESTRADA PINEDA AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br> Date: June 20, 2011 <br> Time: 8:30 a.m. <br> Court: Hon. William B. Shubb |

Whereas, defendant Jesus Pineda Estrada is also charged in United States v. Maria Del Rocio Arceo-Rangel, et al., Case No. 2:09-CR-407 KJM, under the name Luis Renee Estrada Castanon, aka Jesus Pineda Estrada, with certain drug and firearms violations;

Whereas, the United States and Jesus Pineda Estrada have entered into a Plea Agreement in Case No. 2:09-CR-407 KJM that settles both that case and the instant case in that the United States has agreed to move to dismiss the charges in the instant case within ten days after his judgment and conviction in Case No. 2:09-CR-407 KJM becomes final; and

Whereas, Jesus Pineda Estrada (using his alias Luis Renee

1

Estrada Castanon) pled guilty to a violation of 18 U.S.C. § 924(c)(1)(A)(i) in Case No. 2:09-CR-407 KJM and was sentenced on May 19, 2011. However, the Judgment In A Criminal Case was only filed or entered in that case on June 15, 2011. Therefore, the time for the filing of defendant's appeal has not run out and there is no final judgment and conviction in that case as of yet.

It is hereby stipulated and agreed, by and between the parties, through their respective counsel, that:

> 1. The presently set June 20, 2011, status conference be continued until July 11, 2011. In the event that this defendant's judgment and conviction become final before that date, the United States anticipates filing a written motion to dismiss the Indictment in this case against Jesus Estrada Pineda only before the status conference;
>
> 3. Time from the date of this stipulation through, and including, the date of the status conference on July 11, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and Local Code T2, in that this case, combined with the litigation in Case No. 2:09-CR-407 KJM, renders both cases unusual and complex within the meaning of the Speedy Trial Act and the continuance of the trial date in this case is needed to effectuate that parties' Plea Agreement in Case No. 2:09-CR-407 KJM.

///
///
///

Based on these facts, the parties stipulate and agree that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in § 3161.

Dated: June 17, 2011　　　　　　　　　　/s/ Michael Hansen
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　MICHAEL HANSEN
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　Jesus Estrada Pineda
　　　　　　　　　　　　　　　　　　　　(per personal authorization)

Dated: June 17, 2011　　　　　　　　　　BENJAMIN B. WAGNER
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/ Samuel Wong
　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　SAMUEL WONG
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

_____

ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court orders that:

　　　1.　The presently set June 20, 2011, status conference be continued until July 11, 2011.

　　　2.　Time from the date of this stipulation through, and including, the date of the status conference on July 11, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and

(B)(ii) and Local Code T2, in that this case, combined with
the litigation in Case No. 2:09-CR-407 KJM, renders both
cases unusual and complex within the meaning of the Speedy
Trial Act and the continuance of the trial date in this case
is needed to effectuate that parties' Plea Agreement in Case
No. 2:09-CR-407 KJM.

The Court further finds that, based on these facts, it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161. The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public.

It is so ordered.

Dated: June 17, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE